BELÉN PHILLIPPI WIDOW OF ALFONZI, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent; ELADIO DÁVILA VÁZQUEZ, Injured Party.

No. CI-66-18.    Decided December 20, 1966.

*Jorge Benítez Gautier* for petitioner. *Donald R. Dexter* for the Manager of the State Insurance Fund.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Petitioner is the owner of a three-apartment building. She occupies one and rents the other two. There is a garden in the lot. Every three months she had it cleaned. The care of the garden required two or three days of work. The gardener, Eladio Dávila, had performed the work for many years. Sometimes, when he did not appear, she hired another laborer. On May 9, 1960, while Dávila was working in the garden, he suffered an accident fracturing a hip. Petitioner did not have a policy of the State Insurance Fund. The Fund, maintaining that the laborer suffered a labor accident, declared petitioner an uninsured employer. The Industrial Commission upheld that determination. We agreed to review that decision.

Petitioner requests us to reverse the decision appealed from, since two conditions must be present for an accident to be compensable: that the work is not accidental or casual, and that it be included in the business, industry, profession, or occupation of the employer.

Section 2 of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 2, provides that "Workmen and employees whose work is of an accidental or casual nature" are excepted from its provisions.

■ The Commission determined, as a matter of fact, that the garden was taken care of periodically, although by different laborers. In *Arraiza* v. *Industrial Commission*, 85 P.R.R. 13 (1962), ratifying *Romero* v. *Industrial Commission*, 73 P.R.R. 750 (1952) "we said that the question for decision is whether the employment is casual, not whether the workman or employee is casual, namely, whether it is done without regularity, occasionally, and incidentally; and in order that its meaning [casual] may be clearly understood we will refer to its antonyms which are 'regular,' 'systematic,' 'periodical,' and 'certain.' " As we stated in *Romero* "The question to be determined is therefore, whether the *employment* was casual, and not whether the workman or employee was casual."

■■ It was established herein that the garden was taken care of periodically, regularly. "This periodicity, continuity, and recurrence of the employment eliminates the characteristics of incidental and casual." *Bustelo* v. *Industrial Commission*, 85 P.R.R. 559 (1962). The fact that the work was not always performed by the same person does not destroy the concept of regularity in performing the work. The law requires that the employer maintain a policy to protect not a determined worker or group of workers, but to protect any worker who performs certain work. It only excepts such cases where the *work* is casual; but it was established herein, and this is what is common in this kind of work, that the garden was cleaned periodically. Really, the protection which the law intended to give would be thwarted if we should determine that a worker was not covered by it because different workers on different occasions performed the same work.

■ As to the requisite that the work should be included in the business, industry, profession, or occupation of the employer, in *Bustelo* we decided the compensation of an

accident sustained by a worker who performed the same work as the injured in the instant case.

Whether we consider that petitioner had a rental business and that it was necessary to maintain the garden in good condition as a means for attracting tenants, or that the hiring of the worker to take care of the garden was not for profit, the care of the garden "meant to the family living therein the pleasure and satisfaction which a well-cultivated and tended garden produces. Under those circumstances, he was an employee engaged in [Dávila's] domestic service whenever he was performing his work as a gardener, even though he lived outside, as were the other servants and employees, within the broader sense of the term 'domestic service.'[1] . . . Without making distinction, the Act provides protection in its §§ 2 and 38 to domestic servants." *Bustelo* at p. 568.

The decision appealed from will be affirmed.

---

[1] Risk Servant and Employee, Key 0912-011.